UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Case: 1:25−cv−01900 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 6/13/2025
Description: Employ. Discrim. (H−DECK)

**Pardis Tabaee**,

Plaintiff,

v.

**National Aeronautics and Space Administration (NASA),**

**NASA Office of Diversity and Equal Opportunity,**

**Michael Jasinski,**

Defendants.


Civil Action No. _____


---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff **Pardis Tabaee** respectfully submits this Complaint and alleges as follows:

---

1



RECEIVED
JUN 13 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**I. PARTIES**

1. Plaintiff Pardis Tabaee is an individual currently residing in Italy. At all relevant times, Plaintiff was engaged in part-time research activities with NASA, with the intention of transitioning to full-time employment through the agency's external evaluation and review process. To that end, Plaintiff completed a formal submission in November and was preparing for a mandatory review in December, which—had it proceeded fairly—should have resulted in a full-time appointment beginning in March. This opportunity was abruptly and unjustly denied on January 29th, Plaintiff's birthday, following a pattern of retaliation linked to her prior rejection of personal advances. Further compounding the harm, the intellectual property from her submission was shared without her knowledge, consent, or authorization with other NPP candidates as well as researchers within and outside the United States, in an apparent attempt to have others hired in her place and punish her for asserting professional boundaries. As a direct consequence of this retaliation, Plaintiff began experiencing sciatica and physical tremors, directly tied to the psychological stress and harassment she endured. The pattern of harm continued through the NASA EEO process, including a targeted incident on June 12, 2025, reflecting ongoing misuse of internal mechanisms to harass and silence her.

2. Defendant NASA is a federal agency headquartered at 300 E Street SW, Washington, DC 20546.

3. Defendant NASA Office of Diversity and Equal Opportunity (EEO) is the agency's internal body for handling civil rights, discrimination, and workplace complaints.

4. Defendant Michael Jasinski is, upon information and belief, a NASA employee who acted beyond the scope of his actual authority. Plaintiff alleges that Mr.

Jasinski misrepresented himself as an internal investigator or policy figure and contributed to a campaign of coercion, harassment, and administrative retaliation. Mr. Jasinski, along with collaborating individuals, provided false and misleading information to the NASA EEO Office, further obstructing Plaintiff's ability to obtain redress. Rather than investigating in good faith, the EEO process became a channel for sustaining retaliation, enabled in part by these misrepresentations.

---

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, as the claims arise under federal law and involve federal actors.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), as the Defendants reside and/or operate within the District of Columbia.

---

## III. STATEMENT OF FACTS

7. Plaintiff was engaged in part-time scientific research affiliated with NASA while pursuing a full-time appointment through a structured external review process. She submitted her formal materials in November and prepared for a December evaluation intended to initiate her transition to full-time employment

by March.

8. Plaintiff produced original technical work, scientific insights, and intellectual property consistent with federal research objectives and professional expectations.

9. Instead of being evaluated on merit, Plaintiff faced retaliation after rejecting inappropriate advances, including administrative obstruction, removal of credit, and sabotage of her career trajectory.

10. Despite internal complaints, NASA's EEO Office failed to intervene. Instead, it was leveraged to facilitate deeper isolation and to surveil Plaintiff under the guise of institutional review.

11. Mr. Jasinski, without formal authority to conduct investigations or represent policy, falsely positioned himself as an institutional actor and engaged in tactics of intimidation and reputational harm. He and collaborators continued to lie to the EEO Office during its proceedings, which further obstructed any fair resolution.

12. Plaintiff's intellectual property from the November submission was disclosed without her knowledge, consent, or legal authorization to other NASA postdoctoral candidates and researchers worldwide, allowing others to benefit professionally from her contributions while she was excluded.

13. The campaign of reputational sabotage originated with an individual affiliated with the U.S. Food and Drug Administration, named Myla Dellupac, who—despite having no prior personal or professional relationship with Plaintiff—contacted outside institutions and potential employers to dissuade them from

hiring her. These stalking and slanderous actions created an unfounded narrative that Defendant Jasinski exploited. Relying on that false impression and emboldened by institutional silence, Jasinski expected reciprocation to personal advances directed at Plaintiff. When that reciprocation did not occur, he escalated his conduct—engaging in sustained retaliation, workplace stalking, and reputational sabotage alongside colleagues, under the guise of professional oversight.

14. As a result of the emotional trauma, Plaintiff began experiencing physical symptoms—including sciatic pain and tremors—directly triggered by the psychological distress, stalking, and coercive behavior she endured. These effects culminated in an acute sciatica episode during the past week, marking the physical collapse resulting from years of stress and abuse.

15. The consequences include the destruction of Plaintiff's professional reputation and employment prospects. Due to the visibility and persistence of the retaliatory campaign—carried out across federal agencies—Plaintiff is unable to obtain suitable work in her field despite full qualifications.

16. Retaliation has continued during and through the NASA EEO process, with the most recent incident occurring on June 12, 2025, reinforcing the pattern of harm and institutional failure to protect Plaintiff's rights.

---

**IV. CLAIMS FOR RELIEF**

– Count 1: Misappropriation of Intellectual Property and Unpaid Labor

– Count 2: Retaliation and Hostile Environment (Violation of Federal Civil Rights)

– Count 3: Abuse of Process and Administrative Misconduct

– Count 4: Intentional Infliction of Emotional Distress

– Count 5: Negligence and Institutional Failure to Protect

---

**V. PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

– Award damages of no less than $38,000 for uncompensated labor and unauthorized use of Plaintiff's intellectual property

– Award compensatory and punitive damages for emotional, physical, and economic harm—including loss of livelihood and injury

– Grant injunctive relief halting further retaliation and prohibiting continued use of Plaintiff's intellectual property

– Order reinstatement into an equivalent full-time position or postdoctoral appointment at NASA, acknowledging the career harm caused by institutional retaliation and coordinated stalking (without disclosing such information to Michael Jasinski and collaborators)

– Award court costs, filing fees, and any other equitable or legal relief the Court

deems just and appropriate

---

**Respectfully submitted,**

*Tabaee Pardis*

c/o Poste Italiane – Ufficio Postale Malpensa 2000

Aeroporto Malpensa 2000 SNC

21010 Ferno (VA), Italy

<u>Please use Email contact:</u>

Email: pardis202324@gmail.com

Date: 06/13/2025