UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARDIS TABAEE,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL AERONAUTICS AND<br>SPACE ADMINISTRATION, et al.,<br><br>Defendants. | Civil Action No. 25-1900 (JDB) |

## MEMORANDUM OPINION

Pardis Tabaee sues NASA, its Office of Diversity and Equal Opportunity, and one of its employees for employment discrimination, various torts, and breach of contract. Because the Court lacks subject matter jurisdiction over most of her claims, and the remainder fail to state a claim for relief that is plausible on its face, the Court dismisses Tabaee's complaint.

## BACKGROUND

Tabaee's pleadings allege the following facts, which the Court presumes to be true at this stage of the litigation.

Tabaee resides in Italy. Compl. [ECF No. 1] ¶ 1; see also Civil Cover Sheet [ECF No. 1-1] at 1 (listing Tabaee as a "Non-U.S. Resident"). She conducted part-time research affiliated with NASA and sought a full-time appointment as a postdoctoral researcher "through a structured external review process." Compl. ¶ 7. At some point, a third party contacted Tabaee's potential employers to report an "HHS-FDA case" regarding "a poisoning incident involving Plaintiff's cat" and to dissuade them from hiring her. See Pl.'s Opp'n [ECF No. 24] at 5; Compl. ¶ 13.

Tabaee asserts that NASA was aware of the third party's report and that the report created "an unfounded narrative" about her that Jasinski, a NASA employee, "exploited." Compl. ¶ 13.

1

She alleges that Jasinski targeted her with personal advances, and when she did not reciprocate, retaliated against her, stalked her in the workplace, and sabotaged her reputation.  Id.  She further alleges that, as part of this retaliation, NASA denied her the opportunity for a full-time appointment following her formal review, id. ¶¶ 1, 9, and shared her intellectual property with others without her knowledge or consent, id. ¶¶ 1, 12.

Tabaee alleges that she complained internally, but NASA's Office of Equal Opportunity (EEO) failed to intervene.  Id. ¶ 10.  She also asserts that Jasinski lied and provided misleading information to the EEO when it investigated.  Id. ¶¶ 4, 11.  And Tabaee further alleges that the retaliation against her damaged her professional reputation and caused her physical and emotional harm, including psychological distress, sciatica, and tremors.  Id. ¶¶ 14, 15.

On June 13, 2025, Tabaee filed a five-count pro se complaint against defendants, alleging: (1) "Misappropriation of Intellectual Property and Unpaid Labor," (2) "Retaliation and Hostile Environment (Violation of Federal Civil Rights)," (3) "Abuse of Process and Administrative Misconduct," (4) "Intentional Infliction of Emotional Distress," and (5) "Negligence and Institutional Failure to Protect."  Id. at 6.  She requests at least $38,000 in damages "for uncompensated labor and unauthorized use of [her] intellectual property"; compensatory and punitive damages for emotional, physical, and economic harm; injunctive relief barring further retaliation and use of her intellectual property; and reinstatement into a full-time or postdoctoral position at NASA.  Id.

Ten days after filing suit in this court, Tabaee filed a formal complaint with NASA's Equal Opportunity Office.  See Formal Admin. Compl. [ECF No. 18-1] at 1.  And three months after that, NASA's EEO dismissed her administrative complaint, finding that she lacked standing

2

because she was neither an employee nor an applicant for employment at the Agency.  Admin. Compl. Dismissal [ECF No. 18-2] at 4, 8, 10.

Defendants now move to dismiss Tabaee's complaint for lack of subject matter jurisdiction and failure to state a claim.  See Defs.' Mot. [ECF No. 18] at 1–2.  Tabaee responded to their motion to dismiss, filed a surreply, and submitted additional errata to the Court.[1]  Pl.'s Opp'n; Surreply [ECF No. 28]; Errata [ECF Nos. 29–31].  She also filed motions seeking the undersigned's recusal, Recusal Mot. [ECF No. 23], and for additional relief from defendants' "pattern of disregard" for her "dignity," "rights," and "ability to maintain stable working conditions," Pl.'s Mot. Additional Relief [ECF No. 21] ¶ 3.  These motions are ripe for resolution.

### DISCUSSION

### I.    Recusal Motion

The Court begins with Tabaee's motion for the undersigned's recusal.  See Recusal Mot. Litigants may seek the recusal of a federal judge "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and when the judge "has a personal bias or prejudice concerning a party," id. § 455(b)(1).[2]  Section 455(a)'s standard is objective: it demands recusal "when 'a reasonable and informed observer would question the judge's impartiality.'" SEC v. Loving Spirit Found. Inc., 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting United States v. Microsoft Corp., 253 F.3d 34, 114 (D.C. Cir. 2001)).  Subsection (b)(1), however, requires "actual

---

[1] Tabaee emailed both her surreply and errata to an address this Court maintains to receive intern applications, violating Local Civil Rule 5.1(a), which prohibits parties from directing correspondence to a judge or leaving papers with a judge for filing without permission.  The Court reminds Tabaee both that she must comply with the Local Civil Rules and that she has an ethical duty to avoid ex parte contact with the Court.

[2] Litigants may also seek a judge's recusal for bias or prejudice under 28 U.S.C. § 144.  But § 144 imposes additional procedural requirements.  A litigant must submit an affidavit declaring "the facts and the reasons for the belief that bias or prejudice exists" concurrent with their § 144 motion and must file their motion "timely."  Id.; SEC v. Loving Spirit Found. Inc., 392 F.3d 486, 492 (D.C. Cir. 2004).  Because Tabaee did not attach an affidavit to her recusal motion or allege enough facts for the Court to assess the motion's timeliness, the Court construes her motion as pursuant to 28 U.S.C. § 455.

bias or prejudice." Tripp v. Exec. Off. of the President, 104 F. Supp. 2d 30, 34 (D.D.C. 2000); see also Liteky v. United States, 510 U.S. 540, 567 (1994) (Kennedy, J., concurring). Bald allegations alone do not establish a need for recusal under either provision. Karim-Panahi v. U.S. Cong., Senate & House of Representatives, 105 F. App'x 270, 275 (D.C. Cir. 2004); see also In re Kaminski, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992) ("A judge should not recuse himself based upon conclusory, unsupported or tenuous allegations.").

Tabaee asserts that the undersigned must recuse because of alleged "repeated misconduct, bias, and inappropriate behavior." Recusal Mot. at 2. But she supplies scant facts to support her allegations, and the facts she does allege are incoherent. For example, Tabaee asserts that the Court issued "a notification regarding data breaches involving confidential information, which was not addressed or acknowledged by the court by the stated deadline of 4 p.m." Id. at 3. This is not a data breach case, and the Court is unaware of any notifications made or ignored about a data breach. Tabaee also alleges "unprofessional and unusual comments directed toward clerk staff," id., but she does not explain what the alleged comments were, when or where the Court made them, or how she knows of them. To date, the Court has not had any discussions with clerk staff regarding this case, and it has no knowledge of the alleged comments.

Tabaee also contends that the undersigned must recuse because of "[a]pparent bias or discriminatory treatment, reflected in comments or conduct suggesting unequal or prejudicial handling of the parties," "[p]otential conflicts of interest," "[d]isregard for basic legal procedure," statements indicating that the undersigned "did not examine filings or evidence," "[b]ullying," and "[r]etaliation or adverse treatment following procedural feedback." Id. at 4–5. Again, the Court is unaware of, and Tabaee does not identify, any specific statements, conflicts of interest, acts, or omissions supporting her allegations. And to the extent Tabaee is dissatisfied with the Court's

4

rulings, merits determinations are "[a]lmost invariably, . . . proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555.

Tabaee bases her recusal motion exclusively on conclusory, unsupported, and tenuous allegations, so the Court must deny the motion. See In re Kaminski, 960 F.2d at 1065 n.3.

## II.    Motion to Dismiss

The Court next turns to defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.

### A.  Legal Standard

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 8 therefore states that plaintiffs filing suit in federal court must include in their complaints "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence.").

Upon a motion to dismiss for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), the Court accepts as true all well-pleaded facts in the complaint, Am. Freedom L. Ctr. v. Obama, 821 F.3d 44, 49 (D.C. Cir. 2016). But the court may also consider "undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Banneker Ventures, LLC v. Graham, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (quotation omitted); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[I]f subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own."). Whenever the court finds that it lacks subject matter jurisdiction, it must dismiss the action. Arbaugh, 546 U.S. at 514; Fed. R. Civ. P. 12(h)(3).

Rule 8 also requires plaintiffs to include in their complaints a short and plain statement of their claims showing that they are entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Plaintiffs need not supply "detailed factual allegations" but must assert more than bare legal conclusions and "formulaic recitation[s] of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  If a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" the Court must dismiss it.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Fed. R. Civ. P. 12(b)(6).

Lastly, the Court must liberally construe pro se plaintiffs' pleadings and other filings.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976))).  To that end, the Court considers all of a pro se litigant's filings, not just her complaint, when deciding a motion to dismiss.  Ho v. Garland, 106 F.4th 47, 50 (D.C. Cir. 2024).

**B.  Employment Discrimination Claims**

Tabaee alleges that Jasinski made inappropriate personal advances and retaliated against her when she refused them.  Compl. ¶¶ 1, 9, 13.  She further alleges that NASA's Equal Opportunity Office failed to intervene when she complained.  Id. ¶¶ 10, 16.

While Tabaee's complaint does not specify her legal theory, she asserts a violation of her federal civil rights through "retaliation and [a] hostile environment."  See id. at 6 (Count 2).  Liberally construing her pleadings, the Court concludes that Tabaee's employment discrimination claims sound in Title VII of the Civil Rights Act of 1964 because that Act supplies "the exclusive

6

judicial remedy for claims of discrimination in federal employment." Brown v. GSA, 425 U.S. 820, 835 (1976).[3]

Title VII of the Civil Rights Act forbids discrimination in federal employment and retaliation against federal employees who complain of discrimination. Webster v. Del Toro, 49 F.4th 562, 564 (D.C. Cir. 2022); 42 U.S.C. § 2000e-16(a). The Act excludes "aliens employed outside the limits of the United States" but otherwise applies to "[a]ll personnel actions affecting employees or applicants for employment . . . in executive agencies." 42 U.S.C. § 2000e-16(a); see also Shekoyan v. Sibley Int'l, 409 F.3d 414, 421 (D.C. Cir. 2005) ("Title VII does more than merely exclude an alien employed overseas from protection; it affirmatively grants protection only to 'a citizen of the United States.'" (quoting 42 U.S.C. § 2000e(f))).

Tabaee does not assert—in either her complaint or her other filings—that she is a United States citizen or that she worked with NASA within the United States. Tabaee declined to specify her citizenship when filing suit, see Civil Cover Sheet at 1, and in her complaint, she alleges that she resides in Italy, see Compl. ¶ 1. When defendants moved to dismiss her complaint because she is a noncitizen who worked with NASA abroad, see Defs.' Mot. at 9, Tabaee did not dispute their claim in either her opposition or her surreply. Tabaee has thus failed to come forward with well-pleaded facts supporting the inference that she falls within Title VII's protections, and she has forfeited any contention otherwise. See Texas v. United States, 798 F.3d 1108, 1114–15 (D.C. Cir. 2015) (explaining that district courts may find a contention forfeited when a litigant fails to respond in their opposition briefing).

---

[3] It is unclear whether Tabaee disavows reliance on Title VII in her surreply. She asserts that "no 'Title VII' claim—or any claim—can be retroactively created, altered, or back-dated." Surreply at 3. Liberally construing her pro se complaint, the Court assumes that she maintains a Title VII claim.

Finally, while Tabaee does not invoke the Constitution in her complaint, in her opposition to defendants' motion to dismiss she asserts violations of "constitutional guarantees" including due process and equal protection. See Pl.'s Opp'n at 4. In some circumstances, pro se plaintiffs may constructively amend their complaints through their briefing in opposition to a motion to dismiss. See Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999). Assuming Tabaee may do so here, her constitutional claims nevertheless fail because she has alleged no facts supporting the inference that she either resides in the United States or is an American citizen.

Noncitizens dwelling outside of the United States's sovereign jurisdiction do not have rights under the Fifth Amendment's Due Process Clause. United States v. Verdugo-Urquidez, 494 U.S. 259, 269 (1990) (citing Johnson v. Eisentrager, 339 U.S. 763, 784 (1950)). And the Supreme Court has strongly implied that the same is true for the Fourteenth Amendment's Equal Protection Clause, which the Fifth Amendment's equal protection component mirrors. See id. at 271 (construing prior precedent to establish "only that aliens receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country"); Weinberger v. Wiesenfeld, 420 U.S. 636, 638 (1975) (explaining that the Supreme Court's "approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment")

Because Tabaee has not alleged facts supporting the inference that she is either an American citizen or that she resides in the United States, her employment discrimination claims may not proceed under Title VII or the Fifth Amendment. The Court thus grants defendants' motion to dismiss these claims.[4]

---

[4] The D.C. Circuit has yet to decide whether Title VII claims asserted by noncitizens employed abroad must be dismissed pursuant to Rule 12(b)(1) or Rule 12(b)(6). In a 2005 case, the Circuit affirmed a district court's dismissal of an alien's extraterritorial Title VII claims for lack of subject matter jurisdiction. See Shekoyan, 409 F.3d at 417, 420–22. But the Circuit did so without expressly passing on the question and before the Supreme Court's decision in

**C. Tort Claims**

Next, Tabaee's complaint asserts four claims sounding in tort: "Misappropriation of Intellectual Property and Unpaid Labor" (Count 1), "Abuse of Process and Administrative Misconduct" (Count 3), "Intentional Infliction of Emotional Distress" (Count 4), and "Negligence and Institutional Failure to Protect" (Count 5). Compl. at 6. Her motion for additional relief raises a fifth: "Pattern of Dignity Violations and Prolonged Harm." Pl.'s Mot. Additional Relief ¶ 3. She seeks damages for defendants' allegedly unauthorized use of her intellectual property, injunctive relief prohibiting continued use of that property, and compensatory and punitive damages "for emotional, physical, and economic harm." Compl. at 6; Pl.'s Mot. Additional Relief at 4.

Sovereign immunity shields the Federal Government from suit. FDIC v. Meyer, 510 U.S. 471, 475 (1994). So to sue the United States or its agencies, a plaintiff must identify an unequivocal waiver of that immunity. Franklin-Mason v. Mabus, 742 F.3d 1051, 1054 (D.C. Cir. 2014). Failure to do so deprives the court of the power to hear the case because "[s]overeign immunity is jurisdictional in nature." United States v. Miller, 604 U.S. 518, 527 (2025) (quoting Meyer, 510 U.S. at 475).

---

Arbaugh, 546 U.S. at 510–16, which provided further guidance on which of Title VII's statutory requirements are jurisdictional.

Since Arbaugh, some judges in this district have dismissed Title VII claims asserted by noncitizens working abroad for failure to state a claim. See, e.g., Alipio v. Winter, 631 F. Supp. 2d 29, 30 (D.D.C. 2009); see also Baloun v. Tillerson, Civ. A. No. 16-0111, 2017 WL 6271267, at *1 (D.D.C. Mar. 30, 2017) (observing the divergent views on "the most appropriate vehicle" for dismissing Title VII claims asserted by noncitizens working abroad), aff'd, No. 17-5094, 2017 WL 5664733 (D.C. Cir. Nov. 8, 2017).

This Court does not resolve the debate today and holds only that Tabaee's Title VII claims must be dismissed. Consequently, the Court also declines to reach defendants' alternative arguments for dismissal: (1) that Tabaee failed to exhaust her administrative remedies before filing suit, and (2) was neither an employee nor an applicant for employment at NASA. See Defs.' Mot. at 9–13. The Supreme Court has warned federal courts against assuming subject matter jurisdiction when it is uncertain, see Steel Co., 523 U.S. at 93–94, and both of defendants' alternative contentions cut to the merits of Tabaee's employment discrimination claims. See Artis v. Bernanke, 630 F.3d 1031, 1034 (D.C. Cir. 2011) ("Title VII's exhaustion requirements are not jurisdictional."); Gray v. LaHood, 917 F. Supp. 2d 120, 125 (D.D.C. 2013) (analogizing to Arbaugh and holding that just as a defendant's status as an employer under § 2000e is not a jurisdictional question, so too an employee's status under § 2000e-16(a)).

Tabaee has not identified—and the Court cannot discern—any waiver of sovereign immunity that would allow her tort claims against NASA or its Equal Opportunity Office to proceed. Tabaee cannot invoke the Federal Tort Claims Act (FTCA), because the FTCA does not waive the United States's sovereign immunity for claims based on injuries suffered abroad, "regardless of where the tortious act or omission occurred." See Sosa v. Alvarez-Machain, 542 U.S. 692, 712 (2004); Gross v. Dev. Alts., Inc., 946 F. Supp. 2d 120, 124 (D.D.C. 2013) (explaining that the FTCA "retains sovereign immunity for . . . '[a]ny claim arising in a foreign country'" (quoting 28 U.S.C. § 2680(k))), aff'd sub nom. Gross v. United States, 771 F.3d 10 (D.C. Cir. 2014). Nor can she pursue her claim of "administrative misconduct" under the Administrative Procedure Act (APA). The exhaustive remedial scheme of the Civil Service Reform Act precludes litigation of federal employment matters under the APA, Filebark v. U.S. Dep't of Transp., 555 F.3d 1009, 1013 (D.C. Cir. 2009), and covers federal employees and applicants for employment alike, see Spagnola v. Mathis, 859 F.2d 223, 225 n.3 (D.C. Cir. 1988) (citation modified).

Finally, Tabaee cannot advance her "misappropriation of intellectual property" claim under 28 U.S.C. § 1498, because that statute assigns exclusive jurisdiction over claims that the United States or its authorized agents infringed patents or copyrights to the Federal Court of Claims. See id. § 1498(a)–(b); Zaccari v. Apprio, Inc., 390 F. Supp. 3d 103, 110–11 (D.D.C. 2019).[5]

Finding no applicable, unequivocal waiver of sovereign immunity, the Court dismisses Tabaee's tort claims against NASA and its Equal Opportunity Office for lack of subject matter jurisdiction.

---

[5] Section 1498 also bars "any claim arising in a foreign country." Id. § 1498(c). But the Federal Circuit has held that infringement actions taken within the United States do not arise in a foreign country. Zoltek Corp. v. United States, 672 F.3d 1309, 1326 (Fed. Cir. 2012). So to the extent Tabaee alleges individuals took actions within the United States that infringed on her copyrights or patents, § 1498(c) does not preclude her claims.

Tabaee's claims against Jasinski in his official and personal capacity, see Civil Cover Sheet at 1, are similarly unavailing.  Sovereign immunity also precludes Tabaee from suing Jasinski in his official capacity for damages.  See Clark v. Libr. of Cong., 750 F.2d 89, 103 (D.C. Cir. 1984) (underscoring that sovereign immunity bars suits for money damages against federal officers acting in their official capacities); Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the [United States]").  And Tabaee alleged no facts in her complaint supporting the inference that Jasinski caused, or has the authority to halt, the misappropriation of her intellectual property.  As a result, she has not shown that the property injury she alleges is traceable to him or would be redressed by a favorable decision, so she lacks standing to sue him for injunctive relief.  See Murthy v. Missouri, 603 U.S. 43, 61 (2024) (explaining that plaintiffs must demonstrate standing for each claim they press, each form of relief they seek, and each defendant they name).

Furthermore, the Westfall Act precludes Tabaee's tort claims against Jasinski in his personal capacity.  That Act made the FTCA "the exclusive remedy for most claims against Government employees arising out of their official conduct," functionally barring plaintiffs from suing federal officers in their personal capacity.  Hui v. Castaneda, 559 U.S. 799, 806 (2010); see also Buchanan v. Barr, 71 F.4th 1003, 1013 (D.C. Cir. 2023) (Walker, J., concurring) (explaining why "tort victims generally cannot sue federal officers personally under state law").

Of course, constitutional torts alleged through Bivens claims constitute an important exception to this principle.  See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971).  But as this Court has explained above, because Tabaee is a noncitizen outside of the sovereign jurisdiction of the United States, the constitutional protections she invokes do not extend to her.  Moreover, to make out a Bivens claim, a plaintiff must show

11

that her claim either falls within a "context" for which the Supreme Court has already recognized a <u>Bivens</u> claim, or that there are no "special factors that counsel hesitation" about extending the doctrine.  <u>Hernandez v. Mesa</u>, 589 U.S. 93, 102 (2020) (citation modified).  Tabaee establishes neither.

Accordingly, the Court must also dismiss Tabaee's tort claims against Jasinski.

### D.  Putative Contract Claims

Lastly, Tabaee appears to restyle some of her allegations as contract claims in her opposition to defendants' motion to dismiss.  She argues, in essence, that NASA breached a contract with her by reclassifying her as an independent contractor, using her copyrighted work product without her permission, and failing to pay her.  <u>See</u> Pl.'s Opp'n at 3–4, 6.  Assuming Tabaee may constructively amend her complaint through her opposition briefing, <u>see</u> <u>Richardson</u>, 193 F.3d at 548–49, the Court nevertheless finds that it lacks jurisdiction over her contract claims.

"An action against the United States which is at its essence a contract claim" seeking more than $10,000 in damages, falls within the exclusive jurisdiction of the United States Court of Federal Claims.  <u>Crowley Gov't Servs. v. GSA</u>, 38 F.4th 1099, 1106 (D.C. Cir. 2022) (citation modified).  District courts therefore lack jurisdiction to adjudicate claims for more than $10,000 in damages stemming from an alleged breach of contract by the United States.  <u>See</u> <u>Albrecht v. Comm. on Emp. Benefits of Fed. Rsrv. Emp. Benefits Sys.</u>, 357 F.3d 62, 68 (D.C. Cir. 2004).  Tabaee seeks "no less than $38,000 for uncompensated labor and unauthorized use of [her] intellectual property"—substantially more than the $10,000 threshold.  Compl. at 6.  The Court therefore dismisses Tabaee's putative contract claims for lack of jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

For these reasons, the court denies [23] plaintiff's recusal motion, grants [18] defendants' motion to dismiss, denies [21] plaintiff's motion for additional relief, and dismisses without prejudice [1] plaintiff's complaint.

A separate order accompanies this memorandum opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: April 21, 2026

13